**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

GRAYCE GATES,                                     )
                                                  )
    Plaintiff,                  )
                                                  )
              v.   )
                                                  )
BARTLETT PARK DISTRICT,                           )
                                                  )       **Jury Trial Demanded**
    Defendant.                  )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, GRAYCE GATES ("Plaintiff" or "Gates"), through her attorneys, The Law Offices of Eugene K. Hollander, and for her Complaint at Law against the Defendant, BARTLETT PARK DISTRICT ("Bartlett"), states as follows:

### JURISDICTION

1.      This is a suit in equity authorized and instituted pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. Sec. 621 *et seq.* ("ADEA"). The jurisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by 29 U.S.C. Sec 621 *et seq.*, providing for declaratory, injunctive, compensatory, and other relief against age discrimination in employment.

2.      Venue in this district is proper under 28 U.S.C. §1391(B). The Defendant resides or resided in this district and the events giving rise to Plaintiff's claims occurred here.

3.      All conditions precedent to jurisdiction have occurred or been complied with, to-wit:

        a.  A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") by Plaintiff on September 25, 2019, a copy of which is attached hereto as **Exhibit 1**.

b.  Gates was issued a notice of right to sue by the EEOC on February 4, 2020.

## PARTIES

4.  Gates is a citizen of the United States and the State of Illinois and resides in Bartlett, Cook County, Illinois.

5.  Gates was a member of the protected class, age 71, when the unlawful employment practices occurred.

6.  Gates was an "employee" as that term is defined by the Age Discrimination in Employment Act.

7.  Bartlett is a local public entity engaged in the management of parks.

## BACKGROUND FACTS

8.  Gates began her employment with Defendant in 2015 at 696 W. Stearns Road, Bartlett, Illinois 60103.  Her most recent position was at the front desk of the gym.

9.  Throughout Gates' employment, she met the legitimate expectations of the Defendant in her work.

10.  On or about December 23, 2018, Gates applied for the position of Executive Assistant to the Executive Director.

11.  On or about December 23, 2018, Gates told Rita Fletcher, the Executive Director that she was applying for the position, to which Rita replied, "I want someone who will be around for a while."

12.  At that time, Gates was 71 years old.

13.     Gates temporarily worked in the position, for roughly one week, before the position was given to someone much younger than Gates despite her being able to fulfill all the roles and responsibilities the position required.

14.     In March 2019, Gates left her employment with Bartlett.

## COUNT I – 29 U.S.C. § 621 – DISCRIMINATION BASED ON AGE

15.     Gates reincorporates and realleges Paragraphs 1 through 14 as though fully set forth herein.

16.     Gates was subjected to age discrimination in that there was a double standard set up between older employees and younger employees not included within the protected class.

17.     Age was the determining factor in Plaintiff Gates' discriminatory treatment and Defendant's refusal to hire her for the position in question.   But for Plaintiff's age, she would have been hired.  Defendant knew that the discriminatory treatment of Plaintiff on account of age violated the ADEA.

18.     In refusing to hire Gates, Defendant maliciously and/or recklessly violated the ADEA.

19.     The unlawful employment practices alleged herein were committed within the State of Illinois.

20.     This is a proceeding for a declaratory judgment as to Plaintiff's rights for a permanent injunction restraining Defendant from maintaining a policy, practice, custom or usage of discriminating against Plaintiff because of age with respect to compensation, terms, conditions and privileges of employment and in ways that deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee,

because of age. This complaint also seeks restitution to Plaintiff of all rights, privileges, benefits and income that would have been received by her, but for Defendant's unlawful and discriminatory practices.

21.     Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court

22.     Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff GRAYCE GATES, respectfully prays that this Honorable Court:

1.     Enter a declaratory judgment that the practices complained of herein are unlawful and violative of the Age Discrimination in Employment Act;

2.     Permanently enjoin Defendant, their agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3.     Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate on the basis of age;

4.     Immediately assign Plaintiff to that job she would now be occupying but for the discriminatory practices of Defendant, and adjust the wage rates, salaries, bonuses, and

- 4 -

benefits for Plaintiff to those which she would be enjoying but for the discriminatory practices of Defendant, or, if this is impossible, award Plaintiff front-end pay;

     5.    Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that she would have received but for the discriminatory practices of Defendant;

     6.    Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

     7.    Award Plaintiff liquidated damages for Defendant's willful conduct; and

     8.    Grant such other relief as may be just and proper.

**Respectfully Submitted,**

**Plaintiff,**
**GRAYCE GATES**

By:   <u>/s/ John P. Martin</u>
      One of her attorneys

Eugene K. Hollander
Paul W. Ryan
Jonathon L. Hoeven
John Martin
**The Law Offices of Eugene K. Hollander**
230 West Monroe
Suite 1900
Chicago, IL 60606
(312) 425-9100
ehollander@ekhlaw.com
pryan@ekhlaw.com
jhoeven@ekhlaw.com
jmartin@ekhlaw.com